IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 98-40506

Summary Calendar

LARRY W. HERRINGTON,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal Justice,
Institutional Division,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-98-CV-85

September 23, 1998

Before HIGGINBOTHAM, JONES, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Herrington appeals the district court's dismissal of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 (1994), as time barred under 28 U.S.C.A. § 2244(d) (West Supp. 1998). Appellant maintains that his attorney's failure to file the writ should excuse the late filing. We affirm.

Prisoners challenging convictions that became final before April 24, 1996, the effective date of the Antiterrorism and

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, were required to file within a year of that date. See United States v. Flores, 135 F.3d 1000, 1005 (5th Cir. 1998). Though Flores concerned a § 2255 petition, its analysis applies to § 2254 as well. See id. at 1003 n.7. Herrington did not file the writ until February 7, 1998.

The alleged inadvertance of Herrington's counsel cannot save his late filing, because principles of equitable tolling clearly do not excuse the appellant's lateness. A prisoner cannot claim ineffective assistance of counsel with respect to § 2254 petitions, see Callins v. Johnson, 89 F.3d 210, 212-13 (5th Cir.), cert. denied, 117 S. Ct. 530 (1996), and the district court here found that the prisoner could have filed the petition himself. In the Title VII context, this Court has refused to apply equitable tolling when counsel's inadvertence led to a late filing. See Wilson v. Secretary, Dept. of Veterans Affairs ex rel. Veterans Canteen Services, 65 F.3d 402, 405 (5th Cir. 1995). Separately, this Court has made clear that the U.S. Supreme Court decision on which Wilson was based applies beyond the Title VII context. See Calhoun County v. United States, 132 F.3d 1100, 1104 (5th Cir. 1998) (applying a portion of the analysis in Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95-96 (1990), to another federal statute). Because Herrington therefore cannot meet this Court's standard for equitable tolling, we need not decide whether to agree with the Ninth Circuit that equitable tolling is permissible in AEDPA cases. See Calderon v. United States Dist. Ct. for the Cent.

Dist. of Cal., 128 F.3d 1283, 1288 (9th Cir. 1997), cert. denied, 118 S. Ct. 899 (1998) (allowing for equitable tolling in an AEDPA case, but only if "'extraordinary circumstances' beyond the prisoner's control make it impossible to file a petition on time").

AFFIRMED.